```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARBARA DORSEY, et al.          :        CIVIL ACTION
                                :
       v.                       :
                                :
ALLSTATE INSURANCE COMPANY      :        NO. 24-4464
                                :
```

MEMORANDUM

Bartle, J.                                          October 24, 2024

      Plaintiffs Barbara Dorsey and Gregory Cooper have brought this diversity action against defendant Allstate Insurance Company, in which they allege that Allstate breached their insurance policy and acted in bad faith under 42 Pa. Cons. Stat. § 8371 in denying their claim. Plaintiffs originally filed this action in the Court of Common Pleas of Philadelphia County. Allstate timely removed the action to this court.

      Before the court is the motion of Allstate to dismiss plaintiffs' bad faith claim (Count II) as set forth in plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. # 10).

I

      For present purposes, the court must accept as true all well-pleaded facts in plaintiffs' amended complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court may also consider "exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White

Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).  When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1993) (quotation marks omitted)).

The amended complaint must plead more than "labels and conclusions."  Twombly, 550 U.S. 545.  It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555) (internal quotations and alterations omitted).  Instead, it must contain sufficient factual content to state a claim that is plausible on its face.  Id. at 678.

II

According to the amended complaint, plaintiffs allege that they suffered damage on or about January 19, 2024 to their home in Philadelphia due to a storm.  Plaintiffs notified Allstate, their insurer, of the loss.

During the adjustment period of their claim, plaintiffs retained Arrow Public Adjusters.  That firm inspected plaintiffs' property, took photographs, and developed an

-2-

estimate of the necessary and proper repairs needed to restore the property. After reviewing Arrow's report, Allstate requested that it make certain revisions to its estimate. These revisions, plaintiffs allege, reflected the scope of damages Allstate intended to cover. Arrow made those revisions and submitted the revised estimate to Allstate.

Rather than "issuing payment for the agreed-upon damages," Allstate sent a letter to plaintiffs and Arrow on March 6, 2024, stating:

> We inspected your property and found there was no physical or additional damage sustained in the above loss. We cannot issue payment for the specific areas that were inspected since no physical damage was found.

On April 17, 2024, Arrow e-mailed Allstate challenging its decision to deny plaintiffs coverage.

Arrow requested that Allstate reinspect plaintiffs' property. On April 18, 2024, Randy Smith, of Allstate, rejected this request. In doing so, he stated: "The denial has been sent. I see no reason for another inspection."

### III

The Pennsylvania bad faith statute, 42 Pa. Cons. Stat. § 8371, states that:

> In an action arising under an insurance policy, if the Court finds that the insurer has acted in bad faith toward the insured,

-3-

>    the Court may take all of the following
>    actions:
>    (1) award interest on the amount of the
>        claim from the date the claim was made by
>        the insured in an amount equal to the
>        prime rate of interest plus 3%;
>    (2) award punitive damages against the
>        insurer;
>    (3) assess court costs and attorneys' fees
>        against the insurer.

The statute does not define bad faith.

The Superior Court of Pennsylvania explained that to prevail on a bad faith claim under Section 8371, a plaintiff must prove by clear and convincing evidence that the insurer: (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim. Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994). The statute protects against any instances of bad faith by an insurer occurring during its handling of the claim. O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. Ct. 1999). It also encompasses a broad range of insurer conduct, including unreasonable delay in evaluating claims, failure to communicate with the insured, frivolous refusal to pay, inadequate investigation into the factual basis of the insurance claim, and failure to conduct legal research concerning coverage. Smith v. Allstate Ins. Co., 904 F. Supp. 2d 515, 524 (W.D. Pa. 2012).

An insurer can defeat a claim of bad faith by showing that it had a reasonable basis for its decision to deny payment or that it lacked the required intent.  Id.  Regarding the requisite intent, it is not necessary that the insured's refusal to pay rises to the level of fraud.  Terletsky, 649 A.2d at 688.  However, mere negligence or bad judgment is not bad faith.  Id.

Plaintiffs here allege that Allstate acted in bad faith by engaging in the following conduct:

> a. by sending correspondence falsely representing that Defendant "found there was no physical or additional damage sustained in the above loss" when Defendant had previously acknowledged damage to Plaintiff[s'] property and agreed to a scope of repairs with Plaintiff[s'] representative, Arrow Public Adjusters;
> b. by sending correspondences falsely representing that "[Defendant] cannot issue payment for the specific areas that were inspected since no physical damage was found," when Defendant had previously acknowledged damage to Plaintiff[s'] property and agreed to a scope of repairs with Plaintiff's representative, Arrow Public Adjusters;
> c. in failing to pay Plaintiff[s'] covered loss in a prompt and timely manner, including, but not limited to, after Arrow Public Adjusters revised their estimate to match the scope of work that Defendant's representative had agreed to;
> d. in failing to pay Plaintiff[s'] covered loss in a prompt and timely manner, including, but not limited to, after Arrow Public Adjusters revised their estimate to match the scope of work that Defendant's representative had agreed to;

> e. in failing to objectively and fairly evaluate Plaintiff[s'] claim, including, but not limited to, denying Plaintiff[s'] claim after Defendant's representative had agreed to a scope of repairs to Plaintiff[s'] property with Arrow Public Adjusters;
> f. in conducting an unfair and unreasonable investigation of Plaintiff[s'] claim, including, but not limited to, refusing to reinspect Plaintiff[s'] property;
> g. in failing to provide written notice of the statute of limitations that may affect Plaintiff[s'] ability to sue, a violation of the Unfair Claims Settlement Practices Act, 31 Pa. Code § 146.7(e);
> h. by misrepresenting pertinent facts and Policy provisions and placing unduly restrictive interpretations on the Policy;
> i. by unreasonably withholding Policy benefits, including, but not limited to denying Plaintiff[s'] claim after Defendant's representative had agreed to a scope of repairs to Plaintiff[s'] property with Arrow Public Adjusters; [and]
> j. by unnecessarily and unreasonably compelling Plaintiff[s] to institute this action to obtain benefits for a covered loss that Defendant had already agreed to.

Allstate argues that its motion should be granted because Plaintiffs have pleaded only conclusory allegations and thus lacks a factual basis for a claim of bad faith.

Allstate cites three district court cases that dismissed bad faith claims on the ground that they contained only conclusory allegations. See Ream v. Nationwide Prop. & Cas. Ins. Co., NAIC, Civ. A. No. 19-768, 2019 WL 4254059 (W.D.

Pa. Sept. 9, 2019); Krantz v. Peerless Indem. Ins. Co., Civ. A. No. 18-3450, 2019 WL 1123150 (E.D. Pa. Mar. 12, 2019); Hwang v. State Farm Mut. Automobile Ins. Co., Civ. A. No. 19-927, 2019 WL 1765938 (E.D. Pa. Apr. 22, 2019).  In each of these cases the only supporting fact was that the plaintiff had an outstanding claim.  In Hwang, my colleague Judge Mark A. Kearney highlighted that plaintiff failed to plead any conduct or communications with State Farm, her insurer, or how such conduct or communication could be plausibly understood to be done in bad faith.  Hwang, 2019 WL 1765938, at *3.

Plaintiffs here supported several of their allegations with correspondence from Allstate.  First, they allege that Allstate reviewed Arrow's estimate and made suggestions as to changes.  However, plaintiffs then aver that Allstate changed course and sent plaintiffs a letter on March 6, 2024 denying their claim.  Despite engaging in a dialogue with Arrow regarding its inspection, Allstate found that "there was no physical or additional damage sustained in the above loss." This reversal makes it plausible that Allstate "falsely represent[ed]" that it found there was no damage (Amended Complaint at ¶ 28(a), Dorsey v. Allstate Ins. Co., Civ. A. No. 24-4464 (E.D. Pa. Sept. 17, 2024) (Doc. # 8)) and that it could not issue payment (id. at ¶ 28(b)).  That correspondence further makes plausible that defendant acted in bad faith by both

-7-

failing to pay for plaintiffs' loss (id. at ¶ 28(c) and (d))[1] and failing to evaluate plaintiffs' claim "objectively and fairly" (id. at ¶ 28(e)).

Thereafter, plaintiffs aver that on April 18, 2024, Allstate refused to conduct a re-inspection of the property. Allstate's refusal, in conjunction with its decision to refuse coverage after previously considering coverage on the basis of Arrow's report, makes it plausible that Allstate conducted an "unfair and unreasonable investigation" (id. at ¶ 28(f)). Finally, it makes plausible plaintiffs' allegation that Allstate unreasonably withheld insurance benefits from plaintiffs (id. at ¶ 28(i)) and acted in bad faith by "unreasonably compelling" plaintiffs to institute this suit (id. at ¶ 28(j)).

Plaintiffs remaining allegations are merely conclusory.  The bad faith claim will be dismissed as to the allegations that Allstate failed to provide written notice of the statute of limitations (id. at ¶ 28(g)) as no allegations regarding the statute of limitations were provided.  Finally, the bad faith claim will be dismissed as to the allegation that Allstate "misrepresent[ed] pertinent facts and Policy provisions and plac[ed] unduly restrictive interpretations on the Policy"

---

1. Paragraph 28(d) is a duplicate of the language in paragraph 28(c).

(id. at ¶ 28(h)). Plaintiffs did not include any allegations specific to Allstate's interpretation of its policy.

Whether Plaintiffs will be able to prove bad faith must await another day.